UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MICHAEL E. GOINS, ) | |
| ) | |
| *Petitioner*, ) | Case Nos.   1:10-cr-119-HSM-SKL |
| ) | 1:12-cv-142-HSM |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |
| ) | |

## MEMORANDUM AND ORDER

Petitioner Michael E. Goins ("Petitioner"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 28] with a corresponding memorandum in support [Doc. 29] and "supplement" [Doc. 30].[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 34], and Petitioner filed a reply to the Government's response [Doc. 37]. After careful review and for the reasons stated below, Petitioner's 2255 Motion is **DENIED**.

**I.   BACKGROUND**

Petitioner was indicted on one count of conspiracy to distribute and possess with the intent to distribute at least 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A), three counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and three counts of possessing methamphetamine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1),

---

[1] After Petitioner filed his 2255 Motion, he sought, and was denied, permission to file a second supplement to his 2255 Motion [Doc. 38, 39]. Subsequently, Petitioner filed a motion for a hearing pursuant to 28 U.S.C. § 2255 [Doc. 40], which motion is hereby **DENIED** for the reasons set forth herein. All citations to the district court record are to the docket of Case No. 1:10-cr-119, which is the underlying criminal case.

(b)(1)(C) [Doc. 1]. The United States timely filed notice of its intent to enhance Petitioner's sentence based on his prior felony drug offenses pursuant to 21 U.S.C. § 851 [Doc. 23].[2]

Thereafter, in June 2011, Petitioner pleaded guilty to a lesser-included offense of the conspiracy count (involving a lesser quantity of 50 grams of methamphetamine) pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) amended plea agreement (the "plea agreement") [Doc. 25]. Pursuant to the plea agreement, the other charges were dismissed at sentencing and a negotiated sentence of 360 months' imprisonment was imposed by the Court [Doc. 27]. Consistent with the terms of his plea agreement, which included an appeal waiver, Petitioner did not appeal. Petitioner timely filed the 2255 Motion.

Applying the applicable 2010 United States Sentencing Guidelines Manual (the "guidelines"), the Presentence Investigation Report (the "PSR") noted Petitioner's criminal activity involved for 100 pounds of methamphetamine, yielding a base offense level of 38 [PSR at ¶¶ 21, 22; *see also* Doc. 25 at Page ID # 63-64]. After a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 35 [PSR at ¶¶ 28, 31, 32, 33]. With 27 criminal history points, Petitioner had a criminal history category of VI, the same category required by his career-offender classification [PSR at ¶¶ 30, 59].

On the conspiracy charge, Petitioner was subject to a ten-year mandatory minimum sentence and his guidelines range was 292 to 365 months' imprisonment [PSR at ¶¶ 77-79].

---

[2] The notice listed the following prior convictions: (1) possession of methamphetamine, arrested by Polk County, Florida, convicted of a felony drug conviction, 160 days in jail, sentenced on June 10, 1994, Polk County Criminal Court, Florida, docket number CF94-0030A1-XX; (2) possession of methamphetamine, arrested by Polk County, Florida, convicted of a second felony drug conviction, 328 days in jail, sentenced on December 4, 1998, Polk County Criminal Court, Florida, docket number CF98-02414A-XX; (3) distributing methamphetamine, arrested by Lake Wales PD, Florida, convicted of a third felony drug conviction, 158 days in jail, sentenced on May 28, 1999, Polk County Criminal Court, Florida, docket number CF98-07839A-XX; and (4) promoting the manufacturing of methamphetamine and felony unlawful possession of drug paraphernalia, arrested by Polk County, Tennessee, convicted of a fourth felony drug conviction, three years imprisonment, sentenced on August 15, 2007.

Petitioner did not object to the PSR. Petitioner was sentenced to 360 months' imprisonment, a term of imprisonment that was agreed upon in the parties' plea agreement and within the applicable guidelines range [Docs. 27, 44].[3]

In his 2255 Motion, Petitioner claims that counsel rendered constitutionally ineffective assistance concerning (1) Petitioner's career offender status; (2) the drug quantity attributed to Petitioner in the guidelines calculation; and (3) the advice Petitioners received regarding the applicable penalties [Doc. 29]. The Government opposes the 2255 Motion, arguing that: (1) Petitioner counsel was not ineffective regarding Petitioner's career offender status; (2) Petitioner counsel was not ineffective for failing to object to the drug quantity attributed to Petitioner; and (3) Petitioner counsel was not ineffective because Petitioner was properly advised of the applicable statutory penalties [Doc. 34].

## II. STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors that constitute "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962), *quoted in Reed v. Farley*, 512 U.S. 339, 348-49 (1994); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

---

[3] The judgment was recently amended to correctly reflect that Petitioner entered a plea to a lesser included offense on count one, a 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(B) charge.

3

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.

### III.  ANALYSIS

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires the petitioner to show his attorney's performance was deficient by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that

4

the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it noted that

> there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

5

### A. Career Offender

The crux of Petitioner's 2255 Motion is his mistaken claim that he should not have been sentenced as a career offender because he is actually innocent of the convictions used to enhance his sentence because he did not serve more than a year on at least three of the four convictions used to enhance his sentence and because the Government did not meet its burden of proof on the fourth conviction. Petitioner correctly notes that Government gave notice of its intent to seek an enhanced sentence based on four prior drug convictions, but he disputes both his classification as a career offender and the statutory enhancement under 21 U.S.C. § 841, which mandates an increased penalty for offenders who violate the Controlled Substances Act "after a prior conviction for a felony drug offense has been final." 21 U.S.C. § 841; *see also* 21 U.S.C. § 802(44) (defining "felony drug offense" as a drug-related "offense that is punishable by imprisonment for more than one year . . ."). Petitioner focuses on the sentences he served stating he was sentenced to, or served less than, a year on his predicate controlled substance offenses.

Whether couched as a stand-alone claim or an ineffective-assistance-of-counsel claim, Petitioner's arguments about career offender classification and statutory enhancement fail. Contrary to Petitioner's arguments, what counts in a predicate offense is the *possible* sentence a defendant faces, not the *actual sentence* imposed or served. That Petitioner received or served a sentence of probation for his predicate offenses simply does not change that the offenses were punishable by imprisonment for a term exceeding one year. *See, e.g.,* U.S.S.G. § 4B1.2, cmt. n.1 ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."); *United States v. Apodaca*, 512 F. App'x 509, 513 (6th Cir. 2013) ("The designation of the

6

offense under [state] law and the actual sentence imposed is irrelevant. The only relevant question is whether the [state] offense is punishable by a term exceeding one year."); *United States v. McGhee*, 161 F. App'x 441, 449 (6th Cir. 2005) ("[T]he actual sentence is not determinative; rather, it is potential exposure that determines whether a conviction qualifies as a prior felony conviction for career offender purposes"); *United States v. Calloway*, 14 F. App'x 389, 390 (6th Cir. 2001) (rejecting argument that an offense, for which a maximum punishment of five years was authorized by statute, was improperly used to classify the defendant as a career offender simply because defendant served less than a year in confinement); *Bryson v. United States*, No. 11–20571, 13–cv–11939, 2013 WL 3780950, at *3 (E.D. Mich. July 19, 2013) (holding prior conviction was relevant for career offender guidelines because the offense was punishable by more than one year in prison, despite defendant's actual sentence of only 30 days); *United States v. Richardson*, No. 11–20669, 2013 WL 396239, at *4 (E.D. Mich. Feb. 1, 2013) (holding that the length of sentence actually served is irrelevant for the career offender guidelines); *Walters v. United States*, 03–cr–80758–3, 09–cv–11214-DT, 2009 WL 3299689, at *4 (E.D. Mich. Oct. 14, 2009) ("[N]otwithstanding the sentence of probation actually imposed upon [defendant, his] 1997 conviction was for a felony controlled substance offense, and, accordingly, was properly treated as a predicate offense for career offender treatment under U.S.S.G. § 4B1.1 because it was punishable by a term of imprisonment exceeding one year."); *United States v. Martin*, No. 07-cr-20605-D1, 2014 WL 4926267, at *5 (E.D. Mich. Oct. 1, 2014) ("Therefore, because Defendant's prior drug offense convictions were . . . punishable by a term of imprisonment exceeding one year under section 4B1.2, they qualified as predicate offenses for purposes of the career offender guidelines, section 4B1.1. Defendant's counsel was,

7

therefore, not deficient in failing to argue against including these convictions as predicate offenses.").

Petitioner seems to allege that the § 851 notice was somehow deficient or otherwise inadequate to enhance his sentence and that counsel was ineffective for not objecting to it, but he has not identified any legitimate basis upon which counsel could have objected. Mostly relying on his misreading of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), as interpreted by *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc),[4] Petitioner argues his counsel was constitutionally ineffective in failing to challenge the finding by the Court that he qualified for career offender status/statutory enhancement on the grounds that Petitioner did not serve more than a year in prison for the prior drug convictions at issue.

In *Carachuri-Rosendo*, defendant, a lawful permanent resident who had lived in the United States since he was five years old, faced deportation after committing two misdemeanor drug possession offenses in Texas. 560 U.S. at 566. The Supreme Court held that a second or subsequent simple drug-possession conviction does not qualify as an aggravated felony under immigration law so as to lead to automatic removal. *Id.* In the process of resolving the issue presented, the Supreme Court rejected the lower court's "hypothetical approach," which reasoned that, because the conduct could have been prosecuted as a recidivist simple possession under state law, it could have also been punished as a felony under federal law. *Id.* at 575-76. The Court stated that

> the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony

---

[4] In *Simmons*, the Fourth Circuit addressed North Carolina law. Unlike Tennessee, North Carolina has a "unique statutory regime" under which felony sentencing is contingent on both the designated "class of offense" and the "prior record level" of the defendant. *Simmons* has not been shown to have any application here.

8

> conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal."

560 U.S. at 581-82 (emphasis in original) (quoting 8 U.S.C. § 1229b(a)(3)). In other words, in an immigration proceeding, the government is not permitted to treat a past criminal conviction as having been for a more serious offense than the one of which the defendant was actually convicted. This holding does not address the issues Petitioner is attempting to raise.

A defendant is a career offender under the guidelines if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The guidelines define a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Four of Petitioner's prior convictions qualified as "controlled substance offenses." [PSR at ¶¶ 49, 52, 56, 58]. Petitioner's prior convictions were punishable by terms of imprisonment of more than one year. Petitioner was a career offender because he was over 18 years old when he committed the instant controlled substance offense and he had at least two prior felony convictions for controlled substance offenses. He was also rightly subject to the § 851 enhancement because the Government filed the required written notice of the convictions on which it intended to rely before Petitioner pleaded guilty, 21 U.S.C. § 851(a)(1), and Petitioner

9

admitted the existence of those convictions at sentencing, 21 U.S.C. § 851(b). Petitioner does not challenge that he was previously convicted of these controlled substance offenses, nor does he credibly challenge that the offenses were punishable by terms of imprisonment exceeding one year. Rather, Petitioner focuses on the actual punishments he received which are irrelevant for determining whether the career offender status guidelines and statutory enhancement applies.

Accordingly, Petitioner's reliance on *Carachuri-Rosendo* is misplaced, and I **FIND** Petitioner has not shown his counsel's representation was either objectively unreasonable or prejudicial. *See, e.g., Strickland*, 466 U.S. at 694; *McPhearson*, 675 F.3d at 563.

### B. Attributed Drug Quantity

Petitioner argues that his counsel was constitutionally ineffective because he failed to challenge at sentencing the calculation of the attributed drug quantity. Petitioner asserts that, because he pleaded guilty to a lesser-included offense involving only 50 grams of methamphetamine, he was entitled to the base offense level for a quantity of 50 to 200 grams of methamphetamine. Petitioner ignores that in the factual basis contained in his plea agreement he stipulated he had received approximately 100 pounds of methamphetamine from his suppliers [Doc. 25]. As argued by the Government, the guidelines directed this Court to consider the full scope of Petitioner's criminal activity when calculating his advisory guidelines range. *See, e.g.*, U.S.S.G. § 1B1.3 (advising courts to consider all relevant conduct); U.S.S.G. § 2D1.1 comment. n.5 (noting that courts may even consider "types and quantities of drugs not specified in the count of conviction" when determining the base offense level); *see also United States v. White*, 551 F.3d 381, 384-85 (6th Cir. 2008) (en banc) (holding a sentencing court may even consider conduct of which a defendant has been acquitted when choosing an appropriate sentence).

10

A defendant need not be advised when pleading guilty of the precise drug quantity that will be attributed to him at sentencing. *See United States v. Gilmore*, 387 F. App'x 613, 617 (6th Cir. 2010). Here, however, petitioner was fully apprised before he pleaded guilty of the drug quantity that would be used to calculate his sentence, because he pleaded guilty pursuant to a written plea agreement that specified the amount of drugs he received from his suppliers and was sentenced on the same day under a plea agreement that stipulated his sentence. *See* Fed. R. Crim. P. 11(c)(1)(C).

Thus, the Court finds Petitioner has not shown his counsel's representation was either objectively unreasonable or prejudicial with respect to his base offense level under 2K2.1(a)(4). *See, e.g., Strickland*, 466 U.S. at 694; *McPhearson*, 675 F.3d at 563.

### C. Applicable Statutory Penalty

Petitioner also argues his counsel was constitutionally ineffective because Petitioner was allegedly only subject to a statutory mandatory minimum sentence of five years' imprisonment, not ten years, and his counsel wrongly told him that he faced a mandatory minimum of ten years. Petitioner claims that his sentence was "nearly doubled" as a result of counsel's error. This argument has no basis in fact. As reflected in the plea agreement and during the guilty plea proceedings, Petitioner faced a mandatory minimum sentence of ten years and stipulated to a sentence of 360 months' imprisonment.

Accordingly, I **FIND** Petitioner has not shown his counsel's representation was either objectively unreasonable or prejudicial in this regard. *See, e.g., Strickland*, 466 U.S. at 694; *McPhearson*, 675 F.3d at 563.

### D. Certificate of Appealability

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

### IV. CONCLUSION

For the reasons stated above, the claims presented in the 2255 Motion lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and a hearing is unnecessary in this case. Accordingly, judgment shall be entered **DENYING** Petitioner's 2255 motion [Doc. 28]. As noted in footnote 1, *supra*, Petitioner's motion for a hearing [Doc. 40] is also **DENIED**.

A separate judgment will enter.

                                                   */s/ Harry S. Mattice, Jr.*
                                                   HARRY S. MATTICE, JR.
                                                   UNITED STATES DISTRICT JUDGE